# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Respondent/Plaintiff,

v.                                                       CV 07-0371 JB/WPL
                                                         CR 05-0780 JB

ISMAEL HERRERA-HERNANDEZ,

    Movant/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Ismael Herrera-Hernandez pled guilty to reentry of a deported alien previously convicted of an aggravated felony and was sentenced to imprisonment for 77 months. (Doc. 48.)[1] He has filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, contending that his trial counsel was ineffective. (Doc. 49.) For the reasons that follow, I recommend that the motion be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

The indictment against Herrera-Hernandez alleged that he was found in Dona Ana County and that he had previously been deported after being convicted of the aggravated felony of threatening to assault and murder a law enforcement officer. (Doc. 10.) He pled guilty pursuant to a plea agreement. (Doc. 26, 28.) Thereafter, the United States filed a petition to revoke his supervised release in the threatening to assault and murder a law enforcement officer case. (*See* CR 06-0407 JB Doc. 2.) The attorney who was already representing him in the illegal reentry case was appointed to represent him regarding the petition to revoke supervised release. (CR 06-0407 JB

---

[1] Except as otherwise noted, all document number references are to CR 05-0780 JB.

Doc. 4.) She filed a motion to dismiss the petition, which the Court granted. (CR 06-0407 JB Doc. 10, 15.) Counsel also moved for a downward departure in this case based on diminished capacity because a psychological evaluation showed that Herrera-Hernandez had low intelligence and obsessive-compulsive disorder. (Doc. 38.) The Court denied this motion (Doc. 44), but imposed a sentence at the bottom of the guideline range. (*See* Sentencing Tr. at 17, 19.)

## DISCUSSION

To prevail on his claim of ineffective assistance of counsel, Herrera-Hernandez must satisfy a two-part test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential; thus, Herrera-Hernandez must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. Second, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. "In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)), *cert. denied*, 126 S. Ct. 2318 (2006).

Herrera-Hernandez filed his § 2255 motion using a form supplied by the Court. In response to the form's question as to why he did not appeal, he wrote: "Counsel Did not instruct me or the court as to an appeal and their for are was never filed, if counsel would or been competent Defendant Would of Appealed [sic]." (Doc. 49 at 4.) Another portion of the form states: "If you

entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details." (*Id.* at 2.) In response, Herrera-Hernandez wrote: "I am take a guilty [sic] for the simple offense of RE-ENTRY only (one count), not for prior offenses again." (*Id.*) In the section of the form asking him to state his claims for relief, Herrera-Hernandez wrote: "Habeas petitioner's claim that defense counsel at district court trial petitioner's was INEFFECTIVE for failing to seek SEVERANCE of criminal counts was not exhausted, [sic]" (*Id.* at 6.) Where asked to provide supporting facts, he wrote:

> The Petitioner was suffering the PREJUDICE for his failure to raise previously claim which he sought to assert pursuant to savings clause of statute governing motions to vacate, under which petitioner could petition for write [sic] of habeas corpus if remedy under motion to vacate was ineffective or inadequate. That counsel's deficient performance prejudiced the petitioner[.] When petitioner accept the offer of 57 months, when I take the guilty plea for (ONE-COUNT) increased the sentence 20 additional months made one total of 77 months, this is the "PREJUDICIAL" error of the ineffective assistance of the counsel ANGELA ARELLANES [sic]. (*Id.*)

Because Herrera-Hernandez is proceeding *pro se*, his pleadings must be construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This means that the Court must overlook his "confusion of various legal theories, his poor syntax and sentence construction, [and] his unfamiliarity with pleading requirements." *Id.* The Court may not, however, assume the role of advocate. *Id.*

Construed liberally, I glean three claims of ineffective assistance from Herrera-Hernandez's motion: 1) misrepresentation of or failure to explain the consequences of his plea or his plea agreement; 2) failure to argue that his prior offenses should not be considered; and 3) failure to perfect an appeal. I will consider these claims in turn.

The plea agreement, which contains the signatures of Herrera-Hernandez and his attorney, advises him of the constitutional rights he will be waiving by pleading guilty and describes the

3

offense to which he will plead guilty. (Doc. 28 at 1-2.)  Regarding sentencing, the agreement provides, "Defendant understands that" he can be imprisoned for "up to 20 years." (*Id.* at 2.)  The parties stipulated to a three-level reduction in the advisory sentencing guideline range.  (*Id.* at 3.)  The agreement states that "Defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report." (*Id.* at 4.)  Furthermore, "regardless of any stipulations the parties may enter into, the Defendant's final sentence is solely within the discretion of the Court." (*Id.*)  The Government agreed that it would not bring additional charges against Herrera-Hernandez and would recommend a sentence at the low end of the guideline range. (*Id.* at 5.)  Finally, the agreement states:

> The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement).  There have been no representations or promises from anyone as to what sentence the Court will impose.  The Defendant represents that the Defendant is pleading guilty because the Defendant is in fact guilty, and for no other reason.  (*Id.*)

At the plea hearing, Magistrate Judge Scott advised Herrera-Hernandez of his constitutional rights.  (Plea Tr. at 2-3.)  Herrera-Hernandez told Judge Scott that he was satisfied with his attorney's representation, he signed the plea agreement, he had sufficient time to read the agreement and to review it with his attorney, he understood the agreement, no one had coerced him into pleading guilty, no promises had been made to him other than those in the agreement, and he was pleading guilty because he was guilty. (*Id.* at 4-5.)  Judge Scott informed Herrera-Hernandez that he faced a maximum term of imprisonment of twenty years and that the stipulations in the plea agreement were not binding on the sentencing judge.  Herrera-Hernandez stated that he understood this information.  (*Id.* at 6.)  An Assistant United States Attorney then advised the Court that if the

case proceeded to trial, the Government would show that Herrera-Hernandez was found in Dona Ana County, he was not a United States citizen, he did not have permission to enter this country, and he had previously been deported. The Government would further show that he had a prior conviction for threatening to assault and murder a law enforcement officer. (*Id.* at 7.) Herrera-Hernandez acknowledged that these facts were true and stated that he did not wish to challenge or change any of them. (*Id.*) Only after this colloquy with the Court did Herrera-Hernandez orally enter his guilty plea. (*Id.* at 8.)

From this review of the plea agreement and the plea hearing, it seems clear that Herrera-Hernandez was aware of the consequences of his plea.

Herrera-Hernandez appears to suggest that his plea agreement provided for only a 57-month sentence, rather than the 77-months that he ultimately received. The plea agreement, however, made no representation as to what the sentence would be. Moreover, Herrera-Hernandez was expressly admonished by both the plea agreement and Judge Scott that he could receive up to 20 years in prison and that his sentence would be solely in the discretion of the sentencing judge.

Herrera-Hernandez may be claiming that his attorney told him he would receive only a 57-month sentence. If so, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993); *see also Silva*, 430 F.3d at 1099-1100. Moreover, considering the admonishments provided by the plea agreement and by Judge Scott, he cannot establish a reasonable probability that he would not have pled guilty but for any such misrepresentation. *See Silva*, 430 F.3d at 1099-1100; *Gordon*, 4 F.3d at 1571.[2]

---

[2] Herrera-Hernandez's attorney has submitted an affidavit, stating that she advised him to accept the Government's plea offer because he had no defense and the offer reduced his sentencing exposure by 23

In asserting that he pled "guilty for the simple offense of RE-ENTRY only (one count), not for prior offenses again" and that "defense counsel . . . was INEFFECTIVE for failing to seek SEVERANCE of criminal counts . . . " (Doc. 49 at 2, 6), Herrera-Hernandez may be complaining about the consideration of his prior convictions in sentencing him.  He does not, however, suggest any basis for not considering the convictions.  He does not contest the validity of the convictions.  Use of prior convictions is expressly contemplated by the sentencing statute and guidelines. *See generally* 18 U.S.C. § 3553(a)(1),(4); U.S. SENTENCING GUIDELINES MANUAL.  Moreover, the statute that Herrera-Hernandez violated by reentering the country specifically provides for an increased penalty when the defendant was previously removed subsequent to a conviction for an aggravated felony.  *See* 8 U.S.C. § 1326(a), (b)(2).  Threatening to assault and murder a law enforcement officer is an aggravated felony.  *See* 8 U.S.C. § 1101(a)(43)(F); 18 U.S.C. §§ 16, 115.  Thus, it appears that counsel had no legal basis to challenge the use of the prior convictions in sentencing Herrera-Hernandez.[3]

Regarding counsel's failure to perfect an appeal, Herrera-Hernandez does not claim that he informed counsel that he wanted to appeal.  His only allegation is that "Counsel Did not instruct me or the court as to an appeal and their for are was never filed, if counsel would or been competent Defendant Would of Appealed [sic]."  (Doc. 49 at 4.)  In this situation, counsel will be deemed deficient only if she should have consulted with the defendant about an appeal.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

---

months.  (Doc. 55 Ex. C.)

[3] In her affidavit, trial counsel states that she reviewed the presentence report with Herrera-Hernandez, that he did not dispute any of the convictions that contributed to his adjusted offense level and criminal history score, and that her own investigation revealed no basis for challenging the convictions.  (Doc. 55 Ex. C.)

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.  A "highly relevant factor" is "whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.*  When the defendant pleads guilty, other relevant factors are whether he received the sentence bargained for and whether the agreement expressly reserved or waived his right to appeal.  *Id.*  In some cases, the sentencing court's instructions to the defendant regarding his right to appeal may be so clear and informative as to substitute for counsel's duty to consult.  *See id.* at 479-80.

In addition to showing that counsel was deficient in not consulting with him, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, he would have appealed.  *Id.* at 484.  As with the inquiry into deficient performance, evidence that there were nonfrivolous grounds for an appeal or that the defendant promptly expressed a desire to appeal may be highly relevant.  *Id.* at 485.  Even if a defendant cannot specify the points he would have raised on appeal, he may satisfy the prejudice inquiry if "there are other substantial reasons to believe that he would have appealed."  *Id.* at 486.

Herrera-Hernandez pled guilty pursuant to a plea agreement, which was followed by the Court.  Although the agreement did not include a waiver of the right to appeal, it also did not expressly reserve any issues for appeal.  Herrera-Hernandez has not identified any nonfrivolous issues, and a review of the record reveals none.  He has not pointed to anything to show that he reasonably demonstrated to counsel that he was interested in appealing.  Furthermore, Judge

7

Browning explained Herrera-Hernandez's right to appeal at the conclusion of the sentencing hearing. He stated:

> [Y]ou can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. You have the right to apply for leave to appeal in forma pauperis, and the clerk of the court will prepare and file a notice of appeal upon your request. With very few exceptions, any notice of appeal must be filed within ten days of the entry of judgment. (Sentencing Tr. at 19-20.)

Judge Browning then asked Herrera-Hernandez if he understood his right to appeal, and Herrera-Hernandez responded, "Yes, sir." (*Id.* at 20.)

Herrera-Hernandez has not demonstrated either that counsel had a duty to consult with him about an appeal or a reasonable probability that he would have appealed but for her failure to consult with him.[4]

## RECOMMENDATION

For the reasons stated above, I recommend that the motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 be denied and that CV 07-0371 JB/WPL be dismissed with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[4] In her affidavit, trial counsel states that she did not file a notice of appeal because Herrera-Hernandez did not ask her to do so and because he had no nonfrivolous issues to raise. (Doc. 55. Ex. C.)

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE